[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Lise-Lotte Knudsen (Knudsen) and Karin Cooper Williams (Williams), are before this court in an interpleader action brought by the Estate of Raymond T. Connor. Attorney Connor (Connor) represented Knudsen, the would-be seller of property known as 140 Black Rock Turnpike, Redding, Connecticut, the subject of a contract, dated September 23, 1993, with Williams as the would-be buyer. Connor, prior to his untimely death on March 11, 1994, was holding a deposit from Williams of $41,625, as provided by said contract, in an interest bearing account in the Newtown Savings Bank. The issue before the court is whether Williams should have her deposit and the interest earned thereon returned to her or whether said funds should be paid to Knudsen as liquidated damages in reliance on the provisions of paragraph 11 of the contract.
The court has heard a great deal of testimony as to the actions of both Knudsen and Williams and their attorneys related to the various degrees of compliance of both Williams and Knudsen with the terms of the contract which was drafted by Knudsen's attorney, Connor. CT Page 1414-N
Knudsen and her present attorney both have based their theory of recovery on two elements. The first that Williams failed to comply with all the terms of the contract, and second that Knudsen had the option under paragraph 11 of the contract "[t]o hold and retain all sums of money paid in accordance with this Agreement or any modification or extensions thereof, as liquidated damages for the breach of this Agreement."
Knudsen offered no evidence of actual damages sustained as a result of Williams' alleged breach.
There is further language in paragraph 11 that must be addressed which gave Knudsen the option "[t]o enforce this agreement according to law and equity without any duty on the part of the Seller in either case to tender a deed for the premises to the Buyer prior to retaining the sum or sums as aforesaid, or prior to instituting legal proceedings for such enforcement. Written notice of the Seller's exercise of either of these options shall be given by the Seller to the Buyer by registered or certified mail, directed to the Buyer at their address as hereinabove given." (Emphasis added.)
Knudsen, by the terms of the above quoted paragraph, to exercise her option to recover liquidated damages, was required to give written notice to Williams of the exercise of her option in a manner clearly and specifically set out in the contract drafted by Connor. Although a full evidentiary hearing was conducted before this court, Knudsen failed to present any evidence that notice in the manner required was sent to Williams to invoke the provision for liquidated damages.
Assuming, without deciding, that Williams did fail to comply with one or more terms of the contract, Knudsen would have the burden of proving actual damages to recover any or all of the funds held by the plaintiff. No such proof has been forthcoming, and therefore Knudsen has failed to offer any actual damages, having relied on a liquidated damages theory of recovery.
Knudsen, having failed to show the exercise of the option in the manner provided, and having failed to prove any actual damages, has failed to prove any interest in the Williams deposit held by the plaintiff. By this failure of proof, the court need not inquire into Knudsen's claim that Williams failed to comply with one or more of the terms of the contract. CT Page 1414-O
For the foregoing reason, the plaintiff is directed to pay to Karin Cooper Williams the current balance of the passbook account #105191 of the Newtown Savings Bank, less the sum of $540 for reimbursement of plaintiff's reasonable attorney's fees, and costs of $207.20. The defendant, Lise-Lotte Knudsen, is ordered to pay to Karin Cooper Williams, within thirty (30) days, the sum of $270 toward said reasonable attorney's fees, and $103.60 toward the costs of this suit.
Judgment may enter in accordance with the foregoing.
Stodolink, J.